# FILED

June 10 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0716

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 157N

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

DAVID JOHN FERRE,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-11-372
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       David John Ferre, self-represented; Deer Lodge, Montana

       For Appellee:

       Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General; Helena, Montana

       Fred Van Valkenburg, Missoula County Attorney; Missoula, Montana

Submitted on Briefs:  May 28, 2014
Decided:  June 10, 2014

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David John Ferre was convicted of burglary pursuant to a no contest plea on May 1, 2012. On September 28, 2012, after a hearing, a written judgment was entered sentencing Ferre to five years with the Department of Corrections (DOC), suspended upon conditions. He remains incarcerated for other offenses. Ferre appeals from the Order of the Fourth Judicial District Court, Missoula County, denying his motion that challenged the conditions of his sentence assessing fees and costs against him, particularly, a $50 fee payable to the DOC for the pre-sentence investigation report (PSI), imposed by Condition 15 of his sentence. Ferre's motion was denominated a Motion to Compel and stated it was made pursuant to § 46-18-246, MCA. The motion also sought modification of Conditions 13, 14, and 15 of his sentence, and thus the District Court construed the pleading as requesting an amendment to the Judgment and as a motion to compel the DOC to reimburse Ferre for the $50 already taken from his prison account for the PSI fee.

¶3 Ferre argues that the assessed fees and costs are burdensome and will interfere with his ability to support himself financially when he is released from confinement,

2

particularly given his medical conditions. He argues that the fees and costs were imposed based upon a misunderstanding of a statement he made during sentencing about paying the fees and costs.

¶4 In denying his motion to amend the Judgment, the District Court reasoned that using a "small portion" of the balance of Ferre's prison account to pay the $50 PSI fee was "not unreasonable since the PSI has been completed." Noting that the balance of the $980 in assessed fees and costs would not be due until Ferre is released from custody, the court reasoned that "there is no reason to believe that [Ferre] will not be eligible for [SSDI] assistance upon his release from custody," as he had previously received. The court also noted the potential for limited income from work at that time. The court indicated that it understood Ferre's statements at sentencing to be an admission that he could pay these costs and fees.

¶5 Section 46-18-246, MCA, cited by Ferre's pleading, provides that an offender may request an adjustment or waiver of a restitution obligation. Although his Judgment states that Ferre "shall pay all fines, fees, and restitution . . . as listed below," only fees and costs were actually ordered to be paid, and no other restitution.[1] Thus, § 46-18-246, MCA, is not applicable here. The proper statutory citation is § 46-18-232(3), MCA, which governs requests for remission of payment of certain costs under circumstances demonstrating "manifest hardship" on the defendant, and which Ferre correctly cites in his appellate briefing.

---

[1] The PSI did not recommend payment of restitution, stating that "it is my understanding the stole [sic] TV was recovered, therefore I have no restitution information."

3

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. There was no abuse of discretion on any discretionary issues. Having reviewed the briefs and record on appeal, we conclude that Appellant has not demonstrated error by the District Court.

¶7 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT